UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL THIELEN and STACY THIELEN,

    Plaintiff(s),

v.

GMAC MORTGAGE CORP.,

    Defendant(s).

                                        /

Case No. 09-13689

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [2]**

This matter comes before the Court on Defendant's motion to dismiss for failure to state claims upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendant's motion is GRANTED.

**I.   Facts**

In 2001, Plaintiffs Daniel Thielen and Stacy Thielen, husband and wife, purchased a home commonly known as 4731 Sherwood Circle, Canton, Michigan (Property). (Compl. ¶¶ 4, 7.) In 2004, Plaintiffs sought to refinance the loan on the Property and reduce their monthly mortgage payment by approximately $240.00. On January 13, 2004, Plaintiffs obtained a loan from Defendant GMAC Mortgage Corp. in the amount of $223,200, and paid off a pre-existing first mortgage with the proceeds. (Compl. ¶ 8.) The refinance loan was amortized over 30 years with an adjustable rate, that was fixed at 5.25% for the first five years, and a monthly payment of $1,232.52. Thereafter, the interest rate, and the

payment, would adjust annually based upon a calculation set forth in the Mortgage and Adjustable Rate Rider (ARR) entered into by Plaintiffs.[1] (Def.'s Mot., Ex. 1.)

On August 13, 2009, Plaintiffs filed suit in Wayne County Circuit Court making various allegations against Defendant concerning the January 2004 mortgage loan transaction. The Complaint presents, in total, six claims: two federal claims and four state-law claims.[2] (Notice of Removal ¶ 1; Compl. ¶¶ 19-54.) Plaintiffs seek rescission, disgorgement, reformation, and damages.

Defendant removed the case to this Court on September 17, 2009 on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331, over Plaintiffs' federal claims, and supplemental jurisdiction over Plaintiffs' state-law claims, pursuant to 28 U.S.C. § 1367, because they are so related to the federal claims set forth in the Complaint that they form part of the same case or controversy. (Notice of Removal ¶ 5.) On September 24, 2009, Defendant filed this motion to dismiss. (Docket Text # 2.)

This matter is before the Court on Defendant's motion to dismiss for failure to state claims upon which relief can be granted.

---

[1] Plaintiffs initialed each page of the ARR and signed the last page. The ARR provides, in bold print and in all capital letters, "This note provides for a change in borrower's fixed interest rate to an adjustable interest rate." The ARR goes on to state that the "initial fixed rate I will pay will change to an adjustable interest rate on the first day of January, 2009, and the adjustable interest rate I will pay many [sic] change on that day every 12th month thereafter." (Def.'s Mot., Ex. 1.)

[2] The Complaint asserts the following claims: (Count I) violation of the Home Ownership and Equity Protection Act (HOEPA), 15 U.S.C. § 1639; (Count II) state-law predatory lending claim; (Count III) violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et seq.*; (Count IV) fraudulent misrepresentation; (Count V) negligent misrepresentation; and (Count VI) violation of the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act (MMBLSLA), Mich. Comp. Laws § 445.1672. (Compl. ¶¶ 19-54.)

**II.   Standard**

Defendant brings its motion as a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), although both parties rely on documents referred to in the Complaint. A Rule 12(b)(6) analysis generally forbids a court from considering documents outside the pleadings, *Gunasekera v. Irwin*, 551 F.3d 461, 469 n.4 (6th Cir. 2009); however, when "a document is referred to in the complaint and is central to the plaintiff's claim ..., the defendant may submit an authentic copy to the court to be considered on a motion to dismiss." *Greenberg v. Life Insurance Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (quoting 11 James Wm. Moore *et al.*, Moore's Federal Practice § 56.30[4] (3d ed. 1998)) (internal quotations omitted). Even if the Court were to address Defendant's motion under Federal Rule of Civil Procedure 56 summary judgment standard, it would not alter the Court's analysis.

   **A.  Rule 12(b)(6) Motion to Dismiss Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained

in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

**B. Rule 56 Motion for Summary Judgment**

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement

to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

### III. Analysis

Plaintiffs filed this consumer lending case, making various allegations against Defendant concerning a January 2004 mortgage loan transaction. Plaintiffs allege that "[t]he loan was improper and resulted from Defendant's violations of state and federal law." (Compl. ¶ 9.) Specifically, Plaintiffs' Complaint asserts the following principal allegations: (1) that the loan application overstated their monthly income; (2) that the loan application failed to incorporate a second lien on the Property; (3) that the TILA disclosure stated that

the mortgage payment would decrease beginning in February 2009, and it did not; and (4) that Defendant made a large number of sub-prime loans that were not based on true property values or the borrower's actual ability to repay, and as a result Plaintiffs did not know that they were entering into a loan for property that was not actually worth the amount represented to them. (Compl. ¶¶ 10-16.)

Defendant argues that Plaintiffs' allegations are unfounded and are directly contradicted by the documents they signed. First, Defendant asserts that Plaintiffs signed each page of the loan application, attesting that the stated monthly income was true under penalties of civil and criminal liability. (Def.'s Mot., Ex. 2 at 4-5.) Second, Defendant asserts that the loan application itself references the second lien in two separate places. (Def.'s Mot., Ex. 2 at 3-4.) Third, Defendant contends that the TILA disclosure indicated that the loan has a variable rate feature, and the ARR which Plaintiffs signed specifically discloses when and how the interest rate would change. (Def.'s Mot., Ex. 1, 3.)

In its motion, Defendant argues that Plaintiffs' Complaint should be dismissed under four alternate grounds: (1) Plaintiffs' TILA and HOEPA claims are barred by the applicable one-year statute of limitations for damages and three-year statute of repose for rescission; (2) Plaintiffs' fraudulent misrepresentation, negligent misrepresentation, and MMBLSLA violations fail to state a claim upon which relief may be granted; (3) Plaintiffs' predatory lending claim is not recognized under Michigan law; and (4) Plaintiffs' MMBLSLA claim should be dismissed, as they have abandoned it. As to each, this Court agrees.

This matter is before the Court on Defendant's motion to dismiss. Because it is evaluating a Rule 12(b)(6) motion, the Court views the allegations in Plaintiffs' Complaint in the light most favorable to them and assumes that all allegations are true.

**A. TILA and HOEPA Claims: Time Barred**

Plaintiffs allege Defendant violated HOEPA[3] by "extending credit to Plaintiffs without regard to their ability to repay the debt." (Compl. ¶ 21.) Specifically, Plaintiffs allege that Defendant violated 15 U.S.C. § 1639(h), which provides that:

> A creditor shall not engage in a pattern or practice of extending credit to consumers under mortgages referred to in section 1602(aa) of this title based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment.

15 U.S.C. § 1639(h).

Plaintiffs also allege a violation of TILA, 15 U.S.C. § 1601, *et seq.* TILA provides statutory penalties for failure to make certain disclosures required under the statute. "One of the primary purposes of the TILA is 'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.'" *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002) (quoting 15 U.S.C. § 1601(a)). Plaintiffs allege that Defendant violated TILA by providing "false interest rate, fee and monthly payment disclosures." (Compl. ¶ 32.)

---

[3] HOEPA only applies to "high-cost loans," meaning loans with points and fees exceeding the greater of $400 or 8% of the total loan amount. *See* 15 U.S.C. §§ 1639(a)(1), 1602(aa); 12 C.F.R. § 226.32(a)(1). Plaintiffs argue that they "were apparently set to pay $163,194.30 in finance charges over the course of the loan" and that this constituted "over 70% of the amount borrowed," which, according to Plaintiffs, "is over nine times the amount required to trigger HOEPA." (Pls.' Resp. at 9.) Plaintiffs' calculation presumably includes interest over the life of the loan. "Points and fees" for purposes of HOEPA, however, include all finance charges *other than* interest on the loan. 12 C.F.R. § 226.32(a)(1) (emphasis added). Without Plaintiffs' improper inclusion of interest in thier points and fees calculation, there is no basis for concluding that Plaintiffs' loan is a "high-cost loan" subject to HOEPA. This Court, therefore, rejects Plaintiffs erroneous analysis and conclusion that the loan is a "high-cost loan" subject to HOEPA. Accordingly, Plaintiffs' HOEPA claim is dismissed on this alternative ground.

Under both the HOEPA and TILA claims, Plaintiffs have requested damages and rescission.

### 1. Damages: Barred by Statute of Limitations

Defendant argues that the statute of limitations bars Plaintiffs' claims under HOEPA and TILA. In response, Plaintiffs argue that the statutory period has not run, or in the alternative, that their claims are subject to equitable tolling.

TILA's one-year statute of limitations, codified at 15 U.S.C. § 1640(e), also applies to HOEPA claims. *See* 15 U.S.C. §§ 1639, 1640(e). Section 1640(e) states: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "[T]he statute of limitations begins to run 'when the plaintiff has a complete and present cause of action' and thus 'can file suit and obtain relief.'" *Wike v. Vertrue, Inc.*, 566 F.3d 590, 593 (6th Cir. 2009) (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp of Cal., Inc.*, 522 U.S. 192, 201 (1997) (internal quotations omitted)). Plaintiffs obtained the loan on January 13, 2004, and did not file the instant lawsuit until August 13, 2009. This action was not commenced within one year, and the statutory period has, thus, run. Damages, therefore, based on the January 2004 loan are barred by the statute of limitations. *See id.*

Plaintiffs argue that the doctrine of equitable tolling should bar the application of the statute of limitations to their claims. The Sixth Circuit has held that § 1640(e) is subject to equitable tolling "in appropriate circumstances," such as fraudulent concealment. *Borg v. Chase Manhattan Bank USA, N.A.*, 247 F. App'x 627, 635 (6th Cir. 2007) (quoting *Jones*

*v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1043 (6th Cir. 1984)). In applying equitable tolling to the "'doctrine of fraudulent concealment, the limitations period runs from the date on which the borrower discovers or had reasonable opportunity to discover the fraud involving the complained of TILA violation.'" *Id.* The Sixth Circuit has explained that to toll the limitations period on the basis of fraudulent concealment, "a plaintiff must show '(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts.'" *Hamilton County Bd. of Comm'rs v. NFL*, 491 F.3d 310, 315 (6th Cir. 2007) (quoting *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975)). Further, the alleged acts giving rise to the TILA and HOEPA claims cannot, standing alone, also support equitable tolling.[4]

Plaintiffs' conclusory allegation regarding equitable tolling is insufficient to warrant that relief. (*See, e.g.*, Compl. ¶ 33.) Plaintiffs' response contains a recitation of non-binding case law from other jurisdictions where equitable tolling was invoked; however, Plaintiffs do not present any arguments nor explain why the facts of this case should receive the benefit of equitable tolling. Plaintiffs do not allege any wrongful concealment on the part of Defendant,

---

[4] *See In re Community Bank of Northern Virginia*, 467 F.Supp.2d 466, 479 (W.D. Pa. 2006) ("[T]he fraudulent act(s) that provide the factual predicate for the claim, i.e. inaccurate loan documents, cannot also satisfy the factual predicate justifying equitable tolling. To so hold would render the statute of limitations meaningless for fraud by its nature requires a deceit thus, to state a case for fraud would always suffice to state a case for fraudulent concealment. Rather, the Objectors must show the defendants took some active steps to mislead the borrowers with the result the borrowers were lulled into sitting on their right of redress. Restated, fraudulent concealment requires some additional affirmative fraudulent act to perpetuate the concealment. Mere inaction or silence is not sufficient.") (internal citations omitted).

or due diligence on their part, to require the Court to toll the statutory period.[5] The sole basis of Plaintiffs' argument in support of equitable tolling is that the "Defendants [sic] mislead Plaintiffs as to the amount of their monthly payment obligation at the time this loan was closed." (Pls.' Resp. at 6.) The loan documents that Plaintiffs signed, however, set forth the terms of the loan, including interest rates and monthly payments. As discussed above, the TILA disclosure indicates that the loan has a variable rate feature, and the ARR specifically states when and how the interest rate would change. (Def.'s Mot., Exs. 1, 3.) The fact that the loan terms were plainly disclosed militates against invoking equitable tolling. *See Mills v. Equicredit Corp.*, 294 F.Supp.2d 903, 908 (E.D. Mich. 2003).

Because Plaintiffs' federal claims are time-barred and the doctrine of equitable tolling does not apply, the Court grants Defendant's motion to dismiss Plaintiffs' TILA and HOEPA claims for damages.[6]

### 2. Rescission: Barred by Statute of Repose

In addition to damages, Plaintiffs have requested that the Court grant relief in the form of rescission. When a party requests relief in the form of rescission under TILA or HOEPA, the applicable statute of limitations is three years. 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction.").

---

[5] The Complaint merely asserts that tolling is appropriate because "the documents provided to Plaintiffs were seriously misleading." (Compl. ¶ 33.)

[6] Plaintiffs also argue that equitable tolling issues are not appropriate at the Rule 12(b)(6) stage because they depend on matters outside of the pleadings. (Pls.' Resp. at 4-5 (citing *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006)).) However, the basis of Plaintiffs' equitable tolling argument is that the disclosure was misleading, and this disclosure has been included as an exhibit. Plaintiffs have not pointed to any additional facts supporting a finding of fraudulent concealment which would require further discovery, nor have Plaintiffs filed a Rule 56(f) affidavit.

Unlike the statute of limitations provided in § 1640(e), the three-year right to rescind is a statutorily created right that expires three years after the loan. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) ("[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period."). A claim for rescission under TILA and HOEPA is, therefore, not subject to tolling. *See In re Community Bank*, 467 F.Supp.2d at 481 ("[U]nlike the one year limitation ... for damages, the three year limitation ... for rescission is not a statute of limitations subject to tolling, but rather it is a statute of repose, which creates a substantive right, not subject to tolling.").

Plaintiffs obtained the loan on January 13, 2004, and were provided a Truth in Lending Disclosure Statement on that date. Plaintiffs filed the instant lawsuit on August 13, 2009, over five years "after the date of consummation of the transaction." 15 U.S.C. § 1635(f). Their right to rescission has therefore expired, and the Court grants Defendant's motion to dismiss Plaintiffs' HOEPA and TILA claims for rescission.[7]

### B. Predatory Lending: Not Recognized under Michigan Law

As to Count II, while Plaintiffs argue that predatory lending "should be" a viable cause of action, Michigan does not recognize such a claim. *See Saleh v. Home Loan Services, Inc.*, No. 09-10033, 2009 WL 2496682, at *2 n.1 (E.D. Mich. Aug. 17, 2009); *see also Beydoun v. Countrywide Home Loans, Inc.*, No. 09-10445, 2009 WL 1803198, at *4 (E.D.

---

[7] *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, ___ U.S. ___, 129 S. Ct. 1862, 1867 (2009) ("[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims."); *see also* 13D C. Wright, *et al.*, Federal Practice and Procedure § 3567.3 (3d ed. 2008) ("Once it has dismissed the claims that invoked original bases of subject matter jurisdiction, all that remains before the federal court are state-law claims .... The district court retains discretion to exercise supplemental jurisdiction [over them]."). This Court exercises supplemental jurisdiction over Plaintiff's state-law claims.

Mich. June 23, 2009). When adjudicating state-law claims, this Court is required to decide issues of state law as would the highest court of the state. *Combs v. International Ins. Co.*, 354 F.3d 568, 577 (6th Cir. 2004). Plaintiffs have failed to proffer authority to support a conclusion that the Michigan Supreme Court would recognize an independent tort claim of "predatory lending." As such, Plaintiffs' predatory lending claim is dismissed as a matter of law. *See Twombly*, 550 U.S. at 555; *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548.

### C. Fraud Claims: Failure to State a Claim

Plaintiffs assert three claims based upon alleged misrepresentations made by Defendant: fraudulent misrepresentation (Count IV); negligent misrepresentation (Count V); and violation of the MMBLSLA (Count VI). Defendant argues that each of these claims must be dismissed because Plaintiffs have failed to properly allege any cognizable fraud. As to each claim, this Court agrees.

#### 1. Fraudulent Misrepresentation and Negligent Misrepresentation

Defendant moves to dismiss Plaintiffs' claims of fraudulent and negligent misrepresentation under Counts IV and V for failing to plead the claims with particularity as required by Federal Rule of Civil Procedure 9(b).

In support of Count IV, their fraudulent misrepresentation claim, Plaintiffs allege the following:

> 37. By providing materially false property value to Plaintiffs, Defendant made material representations to Plaintiff.
>
> 38. Defendant further made false material misrepresentations by representing that property values on the mortgage market were much greater than they actually were.
>
> 39. These material representations were false at the time that Defendant made them.

> 40. Defendant knew, or was reckless to the truth without knowledge, that these statements were false.
>
> 41. Defendant further knew, or was reckless to the truth without knowledge that true property values were not reflective of the values of the loans being made by Defendant, and that Plaintiffs could not sell the Property or refinance the loans.
>
> 42. Defendant made its material and false representations with the intention that Plaintiffs would thereby borrow money from it, grant it a mortgage on the Property, pay associated closing costs and timely make monthly payments.
>
> 43. Because of the representation of Defendant, Plaintiffs did borrow money from it, granted it mortgages on the Property, paid associated closing costs and timely made monthly payments.
>
> 44. Plaintiff have suffered damages equal to or greater than the value of mortgage loan, closing costs and payments.

(Compl. ¶¶ 37-44.) In support of Count V, negligent misrepresentation, Plaintiffs allege that:

> 47. Defendant as the mortgagees, stood to benefit from the Plaintiffs entering into the Note and Mortgage on the Property.
>
> 48. The resulting business relationship between the parties gave rise to a duty of care on the part of Defendant to Plaintiffs.
>
> 49. Defendant prepared the information relating to the values of the Property, payment amounts on the Notes and Mortgages, whether Plaintiffs could refinance or sell the Property and closing costs without reasonable care as to their truth or falsehood.
>
> 50. Plaintiffs justifiably relied on said information to their detriment, suffering damages.

(Compl. ¶¶ 47-50.)

To meet the particularity requirements of Rule 9(b), Plaintiffs must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (quoting *Gupta v.*

*Terra Nitrogen Corp.*, 10 F.Supp.2d 879, 883 (N.D. Ohio 1998). At a minimum, Plaintiffs "must allege the time, place and contents of the misrepresentations upon which they relied." *Id.* Further, to survive a Rule 12(b)(6) motion to dismiss, Plaintiffs' pleadings must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 555).

Plaintiffs' allegations in Counts IV and V fail to meet these requirements. At best, the allegations constitute recitations of the elements of fraudulent misrepresentation[8] and negligent misrepresentation,[9] and are thus insufficient to survive Defendant's motion to dismiss. *See Twombly*, 550 U.S. at 555; *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548. Defendant is, therefore, entitled to dismissal of Counts IV and V.

### 2. Violation of MMBLSLA

Defendant also moves to dismiss Count VI alleging violations of the MMBLSLA. As Plaintiffs have not responded to Defendant's motion to dismiss this claim, the Court assumes they concede this point and abandon the claim. Accordingly, Defendant is entitled

---

[8] To state a claim of fraudulent misrepresentation, Plaintiffs must establish the following: "(1) [t]hat defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery." *Hi-Way Motor Co. v. International Harvester Co.*, 247 N.W.2d 813, 813 (Mich. 1976) (quoting *Candler v. Heigho*, 175 N.W. 141, 143 (Mich. 1919)).

[9] The tort of negligent misrepresentation requires proof that: (1) the party justifiably relied to his detriment; (2) on information provided without reasonable care; and (3) by one who owed relying party duty of care. *See Law Offices of Lawrence J. Stockler v. Rose*, 436 N.W.2d 70, 81 (Mich. Ct. App. 1989).

to have the claim dismissed because it has filed a responsive pleading and Plaintiffs have failed to dispute the arguments or otherwise prosecute the claim. *See* Fed. R. Civ. P. 41.

The alleged violations of the MMBLSLA[10] are also based on conclusory allegations of fraud. Consistent with the Court's ruling as to Counts IV and V–that Plaintiffs have failed to plead an actionable claim of fraud–Defendant is also entitled to dismissal of Counts VI on this alternate ground.

## IV.   Conclusion

For the foregoing reasons, Defendant's motion to dismiss, pursuant to Rule 12(b)(6) is hereby GRANTED. Plaintiffs' claims as alleged in the Complaint are hereby DISMISSED in their entirety.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: December 2, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 2, 2009, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

---

[10] The MMBLSLA requires a showing that Defendant engage in "fraud, deceit, or material misrepresentation." Mich. Comp. Laws § 445.1672.